**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL ALEXANDER KING,

    Petitioner,

v.                                             Case No. 3:14-cv-411-J-32JBT

STATE OF FLORIDA,

    Respondent.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, a prisoner of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Mandamus (Doc. #1) (hereinafter Petition). Petitioner requests this Court to enter an order compelling the Florida Department of Corrections to transfer him to an institution that is closer to where his family lives.

Petitioner is not entitled to the mandamus relief that he seeks.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260

> F.2d 637, 640 (2d Cir. 1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations[.]" In re Bellsouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1981)); see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989).  To be entitled to mandamus, Petitioner must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty in the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy.  Mallard, 490 U.S. at 309; Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir. 1990).

Here, Petitioner has not met his burden.  He has not shown that he is entitled to this drastic remedy.

> [I]t is well established that prisoners have no right to be incarcerated in a particular institution with particular rules, regulations and privileges. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (holding that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause).  As long as the conditions or degree of confinement to which a prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates. Montayne, 427 U.S. at 242, 96 S.Ct. at 2547. Thus, . . . the denial of an inmate's request to transfer his "place of confinement . . . so that he might be incarcerated in close proximity to residence of his wife and children" similarly fails to raise a cognizable federal claim.

>  <u>Moore v. A United States Atty. Gen.</u>, 473 F.2d 1375, 1376 (5th Cir. 1973). . . .

<u>Johnson v. McNeil</u>, No. 5:08cv286/RS-EMT, 2009 WL 2589109, at *2 (N.D. Fla. Aug. 19, 2009). Accordingly, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**.

2. This case is hereby dismissed without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of April, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 4/11
c:
Daniel Alexander King